29 F.3d 633
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas M. PIERCE, Plaintiff-Appellant,
v.
Sam LEWIS, Director, Arizona Department of Corrections;
Travis Badget, Assistant Warden, Florence
Correctional Center; and Stan Czerniak,
Warden, Florence Correctional
Center, Defendants-Appellees.
 No. 93-17176.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 24, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Pierce, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action as frivolous under 28 U.S.C. Sec. 1915(d). We have jurisdiction under 28 U.S.C. Sec. 1291.[1] We review for abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and we affirm.
 
 
 3
 Under section 1915(d), the district court may dismiss an in forma pauperis complaint if it is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous within the meaning of section 1915(d) if it "lacks an arguable basis either in law or in fact." Id. at 325.
 
 
 4
 In his complaint, Pierce alleged that defendants prison officials violated his constitutional rights by denying his request to be transferred to a "safe" prison facility. Pierce also alleged that the prison security classification system violates his "protectible interests."
 
 
 5
 As the district court correctly found, Pierce has neither a constitutional right to be housed in a particular prison facility, see Meachum v. Fano, 427 U.S. 215, 224 (1976), nor a right to be transferred to a particular prison facility, see Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985). Pierce also has no constitutional right to a particular security classification, see Moody v. Daggett, 429 U.S. 78, 87 n. 9 (1976), and Arizona law does not create a protected liberty interest in this regard, see McFarland v. Cassidy, 779 F.2d 1426, 1428 (9th Cir.1986) (Arizona law creates no liberty interest in remaining in general prison population). Pierce's claims therefore lack an arguable basis in law, and the district court did not abuse its discretion by dismissing the action as frivolous under section 1915(d). See Neitzke, 490 U.S. at 325.[2]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Pierce's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the notice of appeal was filed in this court beyond the thirty-day period prescribed by Fed.R.App.P. 4(a), the record demonstrates that it nonetheless is timely pursuant to Rule 4(c)
 
 
 [2]
 Pierce's "Motion to Subpoena Witness," "Petition for Writ of Ad Testificandum," and "Motion For Judgement By Default," all are denied